# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release of All Claims (hereinafter "Agreement") is made and entered into by and between DAVID SHAER, on behalf of himself, his agents, assigns, attorneys, heirs, successors, executors and administrators (hereinafter referred to as "Plaintiff") on the one hand, and MOSHE PERETZ, on behalf of himself, his agents, assigns, attorneys, heirs, successors, executors, and administrators, AMY PERETZ, on behalf of herself, her agents, assigns, attorneys, heirs, successors, executors, and administrators, MICHELLE MELMAN, on behalf of herself, her agents, assigns, attorneys, heirs successors, executors, and administrators, and FAMOUS CORNER, INC. d/b/a Grill Point, on behalf of itself its parents, subsidiaries, affiliates, successors, shareholders, members, related entities, directors, officers, employees, representatives, agents and assigns (hereinafter referred to collectively as "Defendants"), on the other hand.

**WHEREAS**, on January 29, 2019, Plaintiff filed, in the United States District Court for the Eastern District of New York, a complaint in an action entitled David Shaer v. Famous Corner, Inc. d/b/a Grill Point, Moshe Perez, Amy Perez, and Michelle Milman, Index No. 19-0546 (LDH)(JO). Plaintiff's Complaint asserts violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").

**WHEREAS,** Defendants filed an Answer to the Complaint (the "Answer") on March 22, 2019, and denied all material allegations of wrongdoing; and

**WHEREAS**, Plaintiff and Defendants desire to fully and finally resolve and settle in full all claims that Plaintiff had, or may have against Defendants, including, but not limited to, all claims and issues that were raised in the Complaint; and

**NOW, THEREFORE,** Plaintiff and Defendants, in consideration of the promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, agree as follows:

1. <u>No Admission of Liability</u>: By entering into this Agreement, Defendants do not in any way admit liability or wrongdoing toward Plaintiff or anyone else, either implicitly or explicitly. Neither this Agreement nor anything contained herein constitutes or is intended to constitute any finding of fact, admission of liability or assessment of liability by under any law, ordinance, rule, regulation or order with respect to any claim that Plaintiff or any other person has asserted, could have asserted or may assert in connection with Defendants.

2. <u>Consideration</u>:

   a. In consideration for Plaintiff entering into this Agreement and in full and complete satisfaction of all of his actual and potential claims against any of the Defendants, Defendants shall provide Plaintiff with a settlement payment, the gross amount of which shall be Thirty Thousand Dollars ($30,000.00) (the "Settlement Payment"). All payments shall be delivered to Arthur H. Forman, Esq., 98-20 Metropolitan Avenue, Forest Hills, NY 11375.

   b. The first payment in the sum of $5,000.00 shall be made within 10 days from the date of settlement approval by the Court. Payment in the sum of $5,000.00 shall be due monthly thereafter for 5 months, each 30 days after the prior payment.

   c. In the event that payment is not received by Plaintiff on the date due, or any payment bounces, Plaintiff's counsel shall provide written notice via Email to bshenker@sallp.com and via facsimile to 516-479-6301. Defendants shall have 10 days after receipt of notice to cure any default, after which date Plaintiff shall be entitled to enter judgment

against Defendants for the full amount of the Settlement Payment plus 25%, costs and interest, less however any payments made by Defendants.

        d.    Each of the six Settlement Payments shall be broken down as follows: $3,274.00 to Plaintiff, and $1,726.00 to Arthur H. Forman, Esq., for a total of $19,644.00 to Plaintiff, $9,821.00 for attorney's fees, and $535.00 for litigation disbursements.

        e.    Defendants shall issue a form 1099 to Plaintiff for the amount paid to him.  Plaintiff shall be solely responsible for the payment of any taxes owed on the payments for which taxes are not being withheld by Defendants.

        f.    Plaintiff hereby indemnifies and holds harmless Defendants from any and all liability for taxes (except for those taxes that a taxing authority deems are the responsibility of Defendants), withholding, interest, attorney's fees, and penalties in connection with the Settlement Payment made pursuant to this paragraph.

        g.    Plaintiff assumes full responsibility for his portion of the Settlement Payment of any and all federal, state and local taxes or contributions which may hereafter be imposed or required to be paid by Plaintiff under any federal or state laws of any kind, with respect to the monies paid by Defendants to Plaintiff pursuant to this Agreement.

    3.    <u>Voluntary Dismissal with Prejudice</u>:

        a.    Plaintiff and Defendants hereby authorize and direct their attorneys, upon execution of this Agreement, to prepare, execute and file with the U.S. District Court for the Eastern District of New York, a Stipulation of Discontinuance with Prejudice in this action in the form annexed hereto as Exhibit "A".

b. Plaintiff represents that other than the Complaint referenced above he has not filed with any court, government agency or other tribunal any action, complaint, charge, grievance or arbitration against one another, and will not do so at any time in the future.

4. <u>Wage and Hour Release by Plaintiff</u>

a. In consideration of the promises, payments and actions of Defendants set out in this Agreement and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiff, with respect solely and only to conduct that has arisen on, or prior to, the date this Agreement is executed, fully and forever releases, relieves, waives, relinquishes, and discharges Defendants from all actions, causes of action, suits, debts, dues, liabilities, obligations, costs, expenses, sums of money, controversies, accounts, reckonings, liens, bonds, bills, specialties, covenants, contracts, agreements, promises, damages, judgments, executions, claims and demands solely concerning wage and hour matters including, but not limited to, any and all wage and hour claims arising under the Fair Labor Standards Act, the New York Labor Law, and the Wage Theft Prevention Act, as well as claims for minimum wages, overtime, commissions, unpaid wages, whether based on common law or otherwise, and all claims for improper deductions, travel time, spread of hours pay, bonuses, expenses, reimbursements, gratuities, tip credits, tip allowances, service charges and retained gratuities during Plaintiff's employment with Defendants and any other compensation or wages. This release is limited solely and only to wage and hour claims that have arisen on, or prior to, the date this Agreement is executed and transmitted to counsel for Defendants and it does not release or discharge any claims that may occur after that date, or any claims Plaintiff may have for workers' compensation benefits or disability insurance claims related to his employment with Defendants.

5. <u>Applicable Law</u>:  This Agreement shall be governed by, interpreted, construed and enforced in accordance with the laws of the State of New York.

6. <u>Enforceability</u>:   If any provision of this Agreement is held by a court of competent jurisdiction to be illegal or unenforceable, such provision shall be severed from this Agreement and have no force and effect.  However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the enforceability of, any other provision of this Agreement.

7. <u>Interpretation of Agreement</u>:  The parties agree that any person or entity interpreting or construing this Agreement shall not apply a presumption that any of its provisions should be more strictly construed against the party who prepared the Agreement as all parties have fully participated in the preparation of all provisions of this Agreement.

8. <u>Headings</u>:  The headings in this Agreement are for the convenience of the parties and are not intended to modify the terms of the Agreement.

9. <u>Voluntary Agreement</u>:  Plaintiff agrees and affirms that:

    a. He has carefully read and fully understand all of the provisions of this Agreement;

    b. He was hereby advised and is advised to consider carefully the terms of this Agreement and consult with his attorney prior to executing this Agreement;

    c. He has been given a reasonable time to consider his rights and obligations under this Agreement and to consult with an attorney before executing it;

    d. He has consulted with his attorney of choice before executing this Agreement;

e. This Agreement is legally binding, and by signing it, he understands that he is giving up certain rights, including his right to pursue the claims raised in the Complaint;

f. No promise or representation of any kind or character has been made by any of the Defendants or by anyone acting on their behalf to induce this Agreement, and that Plaintiff has not been forced or pressured in any way to sign this Agreement;

g. Plaintiff is, through this Agreement, releasing all of the Defendants from any and all claims that he may have against any of them in exchange for the payment described herein;

h. Plaintiff knowingly and voluntarily agrees to all of the terms set forth in this Agreement, and intends to be legally bound by them.

10. <u>No Other Representations or Agreements</u>:  Each party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys, to induce the execution of this Agreement.  This Agreement constitutes a single integrated contract expressing the entire agreement of the parties hereto.  There is no other agreement or understanding, written or oral, expressed or implied, among the parties hereto concerning the subject matter hereof, except the agreements set forth in this Agreement.  This Agreement constitutes and contains the entire agreement among the parties, and supersedes and replaces all prior negotiations and all agreements, proposed or otherwise, written or oral, concerning the subject matter hereof.

11. <u>No Modification Except In Writing</u>: This Agreement cannot be modified or changed except by writing, signed by the parties, with specific reference to this Agreement.

12. <u>Execution In Counterpart and Electronic Delivery</u>: This Agreement may be executed in counterpart by each party and each executed Agreement, when taken together, shall

constitute a complete Agreement. Delivery of an executed counterpart of this Agreement by facsimile or by sending a .pdf document via email shall be as effective as delivery of a manually executed counterpart.

**WHEREFORE,** the undersigned subscribe to this Agreement, as it applies to each, as of the date(s) set forth below opposite their respective signatures.

Date: August \_\_\_\_, 2019

_____
DAVID SHAER

Sworn to before me this
\_\_\_\_\_ day of August, 2019

_____
Notary Public

FAMOUS CORNER, INC.

Date: August \_\_\_, 2019            By:_____
                                        MOSHE PERETZ, Pres.

Date: August \_\_\_, 2019            _____
                                        MOSHE PERETZ, individually

Date: August \_\_\_, 2019            _____
                                        AMY PERETZ, individually

Date: August \_\_\_, 2019            _____
                                        MICHELLE MELMAN, individually

EXHIBIT "A"

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

DAVID SHAER,

                          Plaintiff,

    -v.-

FAMOUS CORNER, INC. d/b/a Grill Point,
MOSHE PEREZ, AMY PEREZ,
and MICHELLE MILMAN,

                         Defendants

-----------------------------------------------------------------X

19-CV-00546 (LDH)(JO)

**STIPULATION OF DISMISSAL WITH PREJUDICE**

**IT IS HEREBY STIPULATED AND AGREED** by and between the parties, through their undersigned counsel, that this action, including all claims that were asserted herein, is hereby dismissed with prejudice, and the parties are to bear their own costs and attorneys' fees.

**IT IS FURTHER STIPULATED AND AGREED** that this Court shall retain jurisdiction to enforce the settlement in this action.

SILVERMAN ACOMPORA LLP

By: _____  
   Brian J. Shenker,         Date  
   100 Jericho Quadrangle, Suite 300  
   Jericho, New York 11753  
   (516) 479-6396

*Attorney for Defendants*

_____  
ARTHUR H. FORMAN       Date  
98-20 Metropolitan Avenue  
Forest Hills, New York 11375  
   (718) 268-2616

*Attorney for Plaintiff*

SO ORDERED:

_____  
U.S.M.J.